IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TYRECE CUNNINGHAM,<br><br>　　　　Defendant. | CASE NO.: 2:21-cr-12 |

## ORDER AND REPORT AND RECOMMENDATION

This matter comes before the Court on the Court's Order for Psychological Evaluation pursuant to 18 U.S.C. §4241(b), 4242, and 4247.  Based on the entire record in this case, including a report prepared and submitted by Dr. Kristen M. McDaniel, Psy.D., Forensic Psychologist, I find Mr. Cunningham is currently incapable of understanding the charges against him and meaningfully consulting with his attorney about his defense.  Therefore, I **RECOMMEND** the Court find Defendant Tyrece Cunningham incompetent to proceed with this case at this time, and **RECOMMEND** that Defendant be **ORDERED** to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d), indicating that the commitment period would allow for mental health treatment to assist Mr. Cunningham gaining improvement in his condition, work to regain his ability to fully participate in the Court process, and determine whether or not he could be restored to competency in the foreseeable future. Additionally, it is the opinion of Dr. Kristen M. McDaniel, at this time that further assessment is necessary in order to opine whether Mr. Cunningham was insane at the time of the alleged offense.

## BACKGROUND

Defendant Tyrece Cunningham ("Mr. Cunningham," or "Defendant") was indicted and charged with Interstate Communications of Threats, 18 U.S.C. §875(c). Doc. 1. The Court appointed Steven G. Blackerby to represent Mr. Cunningham. On November 29, 2021, Defendant was sentenced to time served with two years of supervised release and to comply with the mandatary and standard conditions associated with supervised release. Doc. 59. On February 27, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. Doc. 80. The Court issued an arrest warrant for Defendant Cunningham for a violation of his supervised release as set out in the petition. Defendant Cunningham was arrested and appeared for his Initial Appearance on March 10, 2023. Defendant withdrew his request for a bond hearing, doc. 91, and was Ordered detained pending the final revocation hearing before Judge Lisa G. Wood. Doc. 93. On March 23, 2023, Defendant appeared before Judge Lisa G. Wood for his final revocation hearing. The Court made the determination at the final revocation hearing that Defendant Cunningham may be suffering from a mental condition that would render him incapable of moving forward with his case, and Defendant may lack the ability of communicating with his counsel in preparation of his defense. The Court ordered that Defendant be committed to the Bureau of Prisons to undergo a Psychological Evaluation. Doc. 95. On June 28, 2023, the Court received the Forensic Evaluation Report prepared by Kristen M. McDaniel, Psy.D., Forensic Psychologist with the Federal Medical Center, Lexington, Kentucky. Doc. 101.

In Dr. McDaniel's evaluation, she opined there is significant, objective evidence to indicate that Mr. Cunningham does suffer from a mental disorder that significantly impairs his

present ability to understand the nature and consequences of the Court proceedings against him, and his ability to properly assist counsel in his defense. Dr. McDaniel went on to recommend that Mr. Cunningham be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d), indicating the commitment period would allow for mental health treatment to assist Mr. Cunningham gaining improvement in his condition, work to regain his ability to fully participate in the Court process, and determine whether or not he could be restored to competency in the foreseeable future. Counsel for Mr. Cunningham filed a Stipulation Concerning Psychiatric Report, stipulating to the findings in the report and stating Defendant does not request a hearing on the issue. Doc. 103.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355;

Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).  The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'"  Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995).  Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ."  United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)).  "Incompetency to stand trial is not defined in terms of mental illness.  As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill."  United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

Based on a full and careful review of the record, I find by a preponderance of the evidence that Mr. Cunningham is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense at this time.  Therefore, I **RECOMMEND** that, pursuant to Title 18, United States Code, § 4241(d)(1), Mr. Cunningham be committed to the custody of the Attorney General for hospitalization for treatment in a

suitable facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." Because of Mr. Cunningham's medical condition, it is recommended that the designated facility be suitable for treatment of those medical conditions.

The Court further directs the director of the facility in which Defendant is hospitalized, pursuant to 18 U.S.C. §4241 b(e), to notify this Court when Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense by filing a certificate with the Clerk of this Court.

**IT IS FURTHER ORDERED** that the period of time committed for treatment, restoration, evaluation of Defendant, preparation of the written report, and any resulting proceedings to determine the mental competency of Defendant, is excludable from calculation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(l)(A), (F).

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find Mr. Cunningham be found incompetent to proceed with this case at this time. I further recommend the Court order and **RECOMMEND** that Mr. Cunningham be **ORDERED** to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO REPORTED and RECOMMENDED**, this 18th day of July, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA