IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 2:21-cr-12 |
| TYRECE CUNNINGHAM, | |
| Defendant. | |

### REPORT AND RECOMMENDATION

On August 7, 2023, the Court adopted the Report and Recommendation issued by the undersigned, doc. 104, recommending that Defendant be committed to a federal medical center for treatment and restoration of competency pursuant to 18 U.S.C Sec. 4241 (d). Doc. 105. This matter now comes before the Court on the latest psychiatric evaluation of Defendant Tyrece Cunningham conducted by Dr. Sarah L. Burton, Ph.D. Doc. 134. In the report, Dr. Burton opines that Mr. Cunningham's symptoms of mental illness are adequately controlled with antipsychotic medication and do not significantly impair his competency. Dr. Burton further states in the report that she is of the opinion that Mr. Cunningham is presently stable and competent to proceed in his case. Based on the entire record in this case, including the report prepared and submitted by Dr. Sarah L. Burton, Ph.D., doc. 134, (the "BOP Report"), I find Mr. Cunningham is currently capable of understanding the charges against him and meaningfully consulting with his counsel about his defense. Therefore, I **RECOMMEND** the Court find Defendant Tyrece Cunningham competent to proceed with this case.

## BACKGROUND

Defendant Tyrece Cunningham ("Mr. Cunningham," or "Defendant") was indicted and charged with Interstate Communications of Threats, 18 U.S.C. §875(c). Doc. 1. The Court appointed Steven G. Blackerby to represent Mr. Cunningham. On November 29, 2021, Defendant was sentenced to time served with two years of supervised release and to comply with the mandatary and standard conditions associated with supervised release. Doc. 59.

On February 27, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. Doc. 80. The Court issued an arrest warrant for Defendant Cunningham for a violation of his supervised release as set out in the petition. Defendant Cunningham was arrested and appeared for his Initial Appearance on March 10, 2023. Defendant withdrew his request for a bond hearing, doc. 91, and was Ordered detained pending the final revocation hearing before Judge Lisa G. Wood. Doc. 93.

On March 23, 2023, Defendant appeared before Judge Lisa G. Wood for his final revocation hearing. The Court made the determination at the final revocation hearing that Defendant Cunningham may be suffering from a mental condition that would render him incapable of moving forward with his case, and Defendant may lack the ability of communicating with his counsel in preparation of his defense. The Court ordered that Defendant be committed to the Bureau of Prisons to undergo a Psychological Evaluation. Doc. 95.

On June 28, 2023, the Court received the Forensic Evaluation Report prepared by Kristen M. McDaniel, Psy.D., Forensic Psychologist with the Federal Medical Center, Lexington, Kentucky. Doc. 101. In Dr. McDaniel's evaluation, she opined there was significant, objective evidence to indicate that Mr. Cunningham was suffering from a mental disorder that significantly

impaired his ability to understand the nature and consequences of the Court proceedings against him, and his ability to properly assist counsel in his defense. Dr. McDaniel went on to recommend that Mr. Cunningham be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. § 4241(d), indicating the commitment period would allow for mental health treatment to assist Mr. Cunningham gaining improvement in his condition, work to regain his ability to fully participate in the Court process, and determine whether or not he could be restored to competency in the foreseeable future. Counsel for Mr. Cunningham filed a Stipulation Concerning Psychiatric Report, stipulating to the findings in the report and stating Defendant did not request a hearing on the issue. Doc. 103.

On July 18, 2023, the undersigned issued a Report and Recommendation that recommended that Defendant be found incompetent to proceed with this case and that he be confined to a federal medical center for treatment and restoration to competency. Doc. 104. The Report and Recommendation was adopted by the District Judge on August 7, 2023. Doc. 105, Mr. Cunningham was transferred to the Federal Medical Center for Federal Prisoners in Springfield, Missouri for treatment.

On August 6, 2024, the Court received a psychiatric report prepared by Dr. Sarah L. Burton, Ph.D. Doc. 120. In the report, Dr. Burton opined that as long as the Court chose to authorize treatment with antipsychotic medication, that there was a substantial probability that Mr. Cunningham would be restored to competency within the foreseeable future. Doc. 120. The parties filed a Joint Notice Concerning the Psychiatric Report, doc. 122, stipulating to the factual findings in the psychiatric report, including the finding that Mr. Cunningham was incompetent. The parties also stipulated that it was unlikely that Mr. Cunningham would be restored to

competency in the foreseeable future without the administration of antipsychotic medication. However, the parties did not agree on whether Mr. Cunningham should be involuntarily medicated and whether he should continue to be held in custody. The Court set the matter down for a status conference, which was held on August 21, 2024. The Court allowed the parties to file briefing on whether or not Mr. Cunningham should be involuntarily medicated.

On August 28, 2024, the Government filed a Motion for a Finding that the United States has an Important Governmental Interest Supporting Involuntary Medication to Restore Defendant's Competency pursuant to Sell v. United States, 539 U.S. 166 (2003). Doc. 126. Defendant filed his response on September 4, 2024, doc. 127, stating that the Government had not met its burden of demonstrating a sufficiently important government interest to justify the involuntary medication of Defendant to restore his competency. On October 3, 2024, the Court denied the Government's Motion, doc. 126.

On October 9, 2024 the Court held a telephonic status call. The parties stated Defendant had voluntarily agreed to his medication treatment on September 18, 2024 and September 25, 2024, and that Defendant's next treatment was scheduled for October 23, 2024. Doc. 130-1.

On October 10, 2024, the Court Ordered the Bureau of Prisons to provide to the Court a supplemental report prior to October 30, 2024 (within 7 days after the Defendant's October 23, 2024 treatment date). Doc. 129. On November 5, 2024, the Court received a supplement report prepared by Dr. Sarah L. Burton, Ph.D. Doc. 131. The report stated that Mr. Cunningham was prescribed antipsychotic medication Invega Sustenna, inject 234 mg intra-muscularly, every four weeks, on a voluntary basis. The report further stated that since the initiation of medication, improvements in Mr. Cunningham's mental status and functioning had been noted. The report

stated that Mr. Cunningham is more engaged, cooperative, and that he coherently references the reason for his placement at the facility and information about his legal situation.  Dr. Burton stated that Mr. Cunningham asks relevant questions about the evaluation process and his medication regimen.  However, Dr. Burton also stated that Mr. Cunningham continued to exhibit psychotic symptoms, namely persecutory ideation, and disorganization and his symptoms continue to interfere with his competency-related abilities.  Dr. Burton went on to state that the effectiveness of Defendant's medication regimen continued to be monitored, and Defendant stated an intent to remain compliant.  Although competency restoration cannot be guaranteed, it was her opinion that there is a substantial likelihood Defendant would be restored to competency within the foreseeable future with the continued administration of antipsychotic medication.

On November 8, 2024, the parties filed a Joint Status Report, doc. 133, stating that Defendant had plans to continue his voluntary treatment and both parties agreed that Defendant should remain in BOP custody for treatment.

On November 27, 2024, the Court received a psychiatric report prepared by Dr. Sarah L. Burton, Ph.D.  Doc. 134-1-16.  Dr. Burton opines that at the present time, Mr. Cunningham's symptoms of mental illness are adequately controlled with antipsychotic medication and do not significantly impair his competency-related abilities.  Dr. Burton goes on to state that Mr. Cunningham currently displays an adequate factual and rational understanding of the proceedings against him.  Furthermore, Mr. Cunningham demonstrates an adequate ability to assist properly in his defense.  Lastly, she opines that Mr. Cunningham is presently stable and competent to proceed in his case.

On December 10, 2024, the parties filed a Joint Status Report regarding the November 27, 2024 psychiatric report, doc. 136, stating that neither Defendant nor the Government had any objections to the psychiatric report prepared by Dr. Burton. Doc. 134-1-16.

The Court held a hearing on the matter on January 8, 2025. The parties stipulated to the findings in Dr. Burton's latest psychiatric report. Doc. 134. Neither Defendant nor the Government had any objections. Mr. Cunningham's counsel, Steven Blackerby, stated that Defendant is stable so long as he is taking his medication and is ready to proceed to the final revocation hearing in his case. Additionally, neither party requested a hearing on the issue of competency at this time.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354 (1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he has the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle

6


v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005).  The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'"  Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges."  Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995).  Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ."  United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)).  "Incompetency to stand trial is not defined in terms of mental illness.  As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill."  United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

In assessing Mr. Cunningham's competency, I have considered all relevant information in the record.  I have considered Mr. Cunningham's counsel's statements regarding his personal experiences with Mr. Cunningham.  I have considered Dr. Burton's latest psychiatric report, doc. 134.  I have also considered Mr. Cunningham's conduct in this case and his conduct at the status conference hearing held on January 8, 2025.  Mr. Cunningham plainly understands the

circumstances he is in and is ready to move forward with the final revocation hearing in this case.

Therefore, I **RECOMMEND** the Court find Mr. Cunningham competent to proceed in his criminal case and proceed to a final revocation hearing before the District Judge. While Mr. Cunningham previously suffered from a mental disease or defect that impaired his competency, based on facts described above, I have now determined Mr. Cunningham is competent to proceed with this case.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find Mr. Cunningham competent to proceed with this case. Because the parties stipulate to the findings in Dr. Burton's latest psychiatric report, doc. 134, there is no need for the standard objection period for objecting to a Report and Recommendation. The parties are ready to move forward with the final revocation hearing before the District Judge without any further delay.

**SO REPORTED and RECOMMENDED**, this 14th day of January, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA